UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN L BLAKE,
     Plaintiff,

v.                           Case No. 3:23cv8553/LC/ZCB

J CARTER, et al.,
     Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This *pro se* prisoner civil rights case is before the Court on Plaintiff's "Order to Show Cause for Preliminary Injunction and Motion for Temporary Restraining Order"[1] (Doc. 31). In the motion, Plaintiff seeks an order directing both Defendants and non-parties to change his custody status and provide him with "video escorts" to ensure his safety, among other relief. For the reasons below, Plaintiff's motion should be denied.

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and prevent irreparable injury until the merits of the lawsuit itself can be resolved. *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989). When

---

[1] Although Plaintiff's filing is styled as an order to show cause, the Court construes it as a motion.

1

considering a request for a preliminary injunction, a court is required to consider whether:  (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest.  *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). Additionally, the Prisoner Litigation Reform Act (PLRA) prevents the Court from issuing an injunction unless the relief requested "is narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).

First and foremost, nothing in Plaintiff's motion indicates that this Court has jurisdiction to issue an injunction against the non-party correctional officers Plaintiff names in his motion, such as Sergeant Twitty or Officer Sewell.  (*See* Doc. 31 at 1).  Courts "have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it."  *E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 838-39 (11th Cir. 2009) (internal

quotation marks omitted). The Court thus lacks the authority to enjoin individuals who have not been named as parties. *See, e.g., Jackson v. Baisden*, No. 21-13004, 2022 WL 610314, at *1 (11th Cir. 2022) (holding the district court lacked jurisdiction to grant an injunction against a non-party); *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (affirming district court's decision that it lacked jurisdiction to issue a preliminary injunction against a non-party).

Furthermore, to the extent Plaintiff's motion names parties to the present action, Plaintiff's motion is improperly based on events that are not closely related to the matters set forth in his complaint. The purpose of preliminary injunctive relief is to preserve the status quo between the parties and prevent irreparable injury until the merits of the lawsuit itself can be resolved. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989). This necessitates that the relief sought in the motion for a preliminary injunction be closely related to the conduct complained of in the actual complaint. *Devose*, 42 F.3d at 471. Plaintiff's pleading raises Eighth Amendment claims of excessive force, deliberate

indifference, failure to intervene, and it raises a Due Process claim. (*See generally* Doc. 10). Plaintiff's motion asserts that correctional staff are retaliating against Plaintiff for filing grievances and placing him on a custody status that he disagrees with. (Doc. 31 at 1-2). Even though it appears Plaintiff believes the correctional officers' alleged actions described in his motion were taken in retaliation for filing grievances, and potentially the present lawsuit, that does not make the claims closely related. *Davis v. Daniels*, No. 3:20cv5935, 2022 WL 1205329, at *2 (N.D. Fla. Feb. 8, 2022), *adopted by*, 2022 WL 1204100 (N.D. Fla. Apr. 22, 2022); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) (finding motion for a preliminary injunction not closely related when the plaintiffs believed the defendants were retaliating against them simply because of the underlying lawsuit). Because Plaintiff's motion for a preliminary injunction is not based on matters set forth in the complaint, his motion should be denied. *See, e.g., Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (holding that "any motion for either a preliminary or permanent injunction must be based upon a cause of action"); *Torres Puello v. Guerrero Mendez*, No. 5:20cv198, 2020 WL 4004481, at *2 (M.D. Fla. June 15, 2020), *adopted by*, 2020 WL

4001896 (M.D. Fla. July 15, 2020) (denying a motion for injunctive relief because the plaintiff's request for an injunction was not related to the underlying claims in his complaint).

And finally, at this early stage of the litigation, Plaintiff has yet to identify any objective evidence establishing that the actions of which he complains in his complaint violated his constitutional rights. *See Skinner v. Sproul*, No. 1:14cv174, 2015 WL 196191, at *10 (M.D. Ga. Jan. 14, 2015) (denying the plaintiff's motion for preliminary injunction because the plaintiff had failed to "identify any objective evidence that the actions about which he complains violated his constitutional rights"). Nor has Plaintiff shown a substantial likelihood of irreparable injury if the injunction is not granted because his threats of future injury are too speculative—Plaintiff's motion appears to challenge various conditions of his confinement, such as his custody classification, rather than identify a specific threat of future injury that places him in imminent risk of danger. Plaintiff's speculative and conclusory allegations are insufficient to establish a substantial likelihood of irreparable injury. *See Bruce v. Reese*, 431 F. App'x 805, 807 (11th Cir. 2011) (affirming the denial of a preliminary injunction when the inmate did not provide any facts

indicating that he would suffer further injury); *Knop v. Gordy*, No. 5:16cv1356, 2017 WL 5078056, at *10 (N.D. Ala. July 20, 2017) (denying a preliminary injunction because the prisoner-plaintiff failed to present "specific facts which demonstrate[d] he face[d] real, immediate, and irreparable injury").

Additionally, consideration of the balance of potential harm to the parties weighs more heavily in favor of Defendants as the issuance of an injunction changing Plaintiff's custody classification could adversely impact the ability of prison personnel to exercise their professional judgment in determining an inmate's institutional assignment and custody level. *See Miceli v. McDonough*, No. 4:07cv480, 2008 WL 783578, at *3 (N.D. Fla. Mar. 19, 2008) (holding that prisoners have "no right to remain at a particular prison" nor to "a particular custody level," because "[t]hose are issues relegated to the discretion of prison officials"). The fourth factor, whether the injunction would serve the public interest, "is, at best, a neutral factor at this juncture." *See Turner v. Ratcliffe*, No. 2:19cv852, 2019 WL 7372758, at *1 (M.D. Ala. Dec. 11, 2019).

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining

Order (Doc. 31) be **DENIED.**

At Pensacola, Florida this 3rd day of January 2024.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.