UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN L. BLAKE,
FDOC Inmate #X83762,
          Plaintiff,

v.                                             Case No. 3:23cv8553/LC/ZCB

LT. J. CARTER, et al.,
          Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff is an inmate of the Florida Department of Corrections (FDOC). He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. (Docs. 6, 10). Defendants have filed a Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to Disclose Litigation History (Doc. 67). Plaintiff has responded in opposition (Doc. 73), and this matter is ripe for resolution. For the reasons stated herein, the motion should be granted.[1]

---

[1] The Court notes that Plaintiff recently had another case dismissed for his failure to disclose the exact same cases referenced by Defendants in the current case. *See Blake v. Lt. Ortega*, et al., Docs. 74-75, 3:23cv8554-LC-HTC (N.D. Fla. Nov. 12, 2024).

1

## I. Background

In their motion to dismiss, Defendants argue that "Plaintiff has failed to disclose his litigation history and has misrepresented his prior litigation history" by checking "No" on his Second Amended Complaint in response to the following question [in Section VIII of the complaint]: "A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" (Doc. 67 at 1). Defendants state that Plaintiff failed to include four cases in response to Question A including: (1) *Blake v. Orange Cnty. Sheriff's Off., et al.*, 6:19cv72 (M.D. Fla. Feb. 12, 2019) ("dismiss[ing] . . . prior to service for various reasons, including Plaintiff's failure to provide the required historical information concerning Plaintiff's prior cases") (Case I); (2) *Blake v. Bryant, et al*., 6:19cv494, 2021 WL 4166118 (M.D. Fla. Aug. 6, 2021) ("granting the defendants' motion for summary judgment and dismissing Plaintiff's . . . complaint . . . based upon defendants' qualified immunity") (Case II); (3) *Blake v. Harrell, et al.*, 3:21cv81 (M.D. Fla. Aug. 26, 2022) ("dismissing Plaintiff's . . . complaint . . . for failure to exhaust available administrative remedies") (Case III); and (4) *Blake v. Tyre, et al*., 3:22cv846 (M.D. Fla.

May 17, 2023) ("dismissing Plaintiff's . . . complaint . . . prior to service for his failure to correct pleading deficiencies" and for improper joinder") (Case IV).    (Doc. 67 at 2-3).    Defendants argue that Plaintiff misrepresented his prior litigation history when he falsely checked "No" in response to Question A of the complaint form and omitted these four cases.    (*Id.* at 3-4).    Thus, Defendants' claim that Plaintiff's case should be dismissed as an abuse of the judicial process under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1).    (*Id.* at 9).

Plaintiff has responded in opposition to Defendants' motion to dismiss.    Plaintiff asserts that "he did not fail to disclose his prior litigation history although he did check 'No' [in response to Question A of the complaint form]."    (Doc. 73 at 1).    Plaintiff states that he "disclosed all of his litigation history" in response to Questions B and C of Section VIII of the complaint form.    (*Id.*).    Plaintiff then discusses each case referenced by Defendants in their motion to dismiss.

Regarding *Blake v. Orange Cnty. Sheriff's Off., et al.*, 6:19cv72 (M.D. Fla.), Plaintiff says that this case was dismissed because he could not bring a lawsuit against a sheriff's office.    Plaintiff then states that he "refiled this case and it was changed to . . . *Blake v. Bryant, et al.*, 6:19-

3

cv-494 . . . .  Both of these cases are the same exact case and was accepted as such by the Middle District of Florida . . . ."  (Doc. 73 at 1).  Plaintiff further states that "defendants were entitled to summary judgment and the case was affirmed, *per curiam*, Case No. 21-13070 (11th Cir. July 26, 2023) which was also disclosed."  (Doc. 73 at 1).  While discussing *Blake v. Harrell, et al.*, 3:23cv81 (M.D. Fla.), Plaintiff says that this case was dismissed for "failure to exhaust available administrative remedies due to [FDOC staff] tampering with the grievance procedure."  (Doc. 73 at 1).  And for *Blake v. Tyre, et al.*, 3:22cv846 (M.D. Fla.), Plaintiff states that this case was dismissed and "was disclosed [in response to Section VIII] Question C instead of Question A where it should have been disclosed."  (Doc. 73 at 1).

In closing, Plaintiff argues that he "did not misrepresent his prior litigation history.  He simply made an error by checking 'No' [in response to Question A] but later disclosed each case that he's ever filed in Question B, Question C, and the attachments to the . . . Complaint."  (*Id.* at 1-2).  Plaintiff states that "[u]nder penalty of perjury, Plaintiff did state his entire litigation history.  He simply erred in checking 'No' [in

response to Question A] and disclosing this litigation history in the wrong section of his . . . Complaint.  (*Id.* at 2).

## II. Discussion

The prisoner civil rights complaint form requires a prisoner to list his prior litigation history.  The form must be signed under penalty of perjury.  The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form.  *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[2]  Dismissal is appropriate, even if the prisoner claims that a misunderstanding caused his failure to disclose litigation history.  *See Redmon v. Lake Cnty.*

---

[2] A raft of Eleventh Circuit cases say the same thing.  *See, e.g.*, *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

*Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court. (Doc. 10 at 8-12). Question A of Section VIII asked Plaintiff if he had any case in federal court dismissed as frivolous, as malicious, for failure to state a claim, or prior to service. (*Id.* at 9). Plaintiff checked "No" under Question A and disclosed no cases. (*Id.*). At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above . . . including my litigation history, is true and correct." (*Id.* at 12-13).

As an initial matter, Plaintiff did not need to disclose Cases II and III in response to Question A because neither was dismissed prior to service or for a ground that qualifies as a strike under 28 U.S.C. § 1915(g). Thus, dismissal is not warranted for Plaintiff's failure to disclose these cases in response to Question A. Dismissal is warranted, however,

because of Plaintiff's failure to disclose Cases I and IV in response to Question A.

Cases I and IV were both dismissed prior to service and should have been disclosed in response to Question A in Plaintiff's Second Amended Complaint. Case IV was dismissed on May 18, 2023, which is before Plaintiff filed his Second Amended Complaint on August 16, 2023. Thus, Case IV should have been disclosed by Plaintiff in response to Question A. *See Redmon*, 414 F. App'x at 225-26 (11th Cir. 2011) (affirming dismissal of plaintiff's amended complaint for misrepresenting litigation history when he failed to disclose a case he filed in another district after the initial complaint but before the amended complaint).

Although Plaintiff may have disclosed Case IV elsewhere in his Second Amended Complaint, this does not preclude dismissal. *See Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012) (affirming dismissal without prejudice when plaintiff failed to truthfully disclose his litigation history by completely omitting one case and by failing to disclose another case even though it was cited elsewhere in the complaint form). Each question on the form has a different purpose and the Court should not have to pull the docket on each case to determine

whether the case qualifies as a strike under § 1915(g) or was dismissed prior to service.[3]  *See id.*

Moreover, Plaintiff's statement that "[u]nder penalty of perjury, Plaintiff did state his entire litigation history" is false.[4]  (Doc. 73 at 2). Plaintiff did not disclose Case I anywhere in his Second Amended Complaint.  Thus, Plaintiff's failure to disclose was more than a simple mistake in checking the wrong answer box.[5]  Regardless, mistakes are not an excuse for failing to disclose.  *See e.g., Lebarr v. Fla. Dept' of Corr.*, 5:21cv233-TKW-MJF, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022)

---

[3] Notably, Question A is intended to ensure the prisoner discloses his prior "strikes."  *See* 28 U.S.C. § 1915(g).  If the Court were to allow prisoners to simply argue they identified a strike case elsewhere in the form, the Court would be burdened with reviewing the status of all cases and the dismissal orders in all cases identified.  Thus, a prisoner's failure to respond truthfully to each question would frustrate the Court's screening process.

[4] Plaintiff also falsely stated in the response that Case I was dismissed because Plaintiff could not bring a suit against the Orange County Sheriff's Office.  A review of the dismissal order in Case I shows that it was dismissed without prejudice for Plaintiff's failure to use the court's civil complaint form and failure to pay the filing fee or file a motion to proceed in forma pauperis. Doc. 3, *Blake v. Orange Cnty. Sheriff's Office*, et al., M.D. Fla. Case No. 6:19cv72-Orl-37GJK.

[5] The Court does not place much credence in Plaintiff's explanation that he simply made a mistake when he checked "No" in response to Question A.  Notably, Plaintiff also checked "No" in response to Question A in his First Amended Complaint.  (Doc. 8 at 9).

(rejecting argument that a failure to disclose was a "simple mistake" because even if true, "a sanction is warranted to deter Plaintiff and others from carelessly filling out the civil rights complaint form, and under the circumstances, dismissal without prejudice is the appropriate sanction").

Furthermore, even though Case II may have contained the same claims as Case I, Plaintiff should have disclosed both cases.  Each case was separately filed at different times and disposed of differently.[6]  And to the extent Plaintiff was unsure whether he needed to disclose Case I since the same claims were alleged in Case II, the complaint form cautioned Plaintiff to "err on the side of caution" if Plaintiff was uncertain whether a case should be identified.  (Doc. 10 at 8).  *See Jenkins v. Hutcheson*, 708 F. App'x 647, 648-49 (11th Cir. 2018) (affirming district court's sanction of dismissal because the plaintiff's failure to disclose prior lawsuits, even though unintentional, frustrated district court's ability to perform its screening function under the PLRA).

---

[6] Indeed, the order dismissing Case I informed Plaintiff that a new complaint containing the same claims would be a new, separate case. *See Blake v. Orange Cnty. Sheriff's Office*, Case No. 6:19cv72-Orl-37GJK, Doc. 3 (M.D. Fla. Feb. 12, 2019) ("Plaintiff may initiate a new civil rights action because this case is dismissed without prejudice.  If Plaintiff chooses to do so, however, he should not place the instant case number on the complaint because this case will be closed.").

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant"). The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed. *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC (Doc. 52) (N.D. Fla. June 7, 2020) ("If the

10

requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.").

As detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having been advised on the complaint form that "***failure to disclose all prior state and federal cases . . . may result in the dismissal of this case.***" (Doc. 10 at 8). Consistent with that warning and the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[7]

Accordingly, it is respectfully **RECOMMENDED**:

1.    That Defendants' Motion to Dismiss (Doc. 67) be **GRANTED**.

---

[7] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).

2.    That this case be **DISMISSED without prejudice** as a malicious abuse of the judicial process under 28 U.S.C. § 1915(e)(2)(B)(i).

3.    That the Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 12th day of November 2024.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

## **Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.